IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ALEXANDER HOWLETT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUSANVILLE, et al.,<br><br>Defendants. | No. 2:25-CV-00729-DAD-DMC<br><br><br>FINDINGS AND RECOMMEDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Defendants' motions to dismiss. See ECF Nos. 5 and 6. Plaintiff has not filed an opposition.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

1  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  See Haines v. Kerner, 404 U.S. 519, 520 (1972).
3         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17 to relief." Id. (quoting Twombly, 550 U.S. at 557).
18         In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19 outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21 documents whose contents are alleged in or attached to the complaint and whose authenticity no
22 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26 1994).
27 / / /
28 / / /

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v.Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff filed his complaint on March 3, 2025. See ECF No. 1. On May 29, 2025, summonses were executed and served on Defendant Susanville Sanitary District and Defendant City of Susanville requiring an answer to Plaintiff's complaint due June 20, 2025. Defendants Susanville Sanitary District and City of Susanville filed their respective motions to dismiss on June 20, 2025. See ECF Nos. 5 and 6.

### B. Plaintiff's Allegations

Plaintiff brings 42 U.S.C. Section 198 claims against Defendants City of Susanville and Susanville Sanitary District alleging violations of the 1986 Fair Housing Act and Fourteenth Amendment. See ECF No. 1 at 2-4. Plaintiff contends that Defendant City of Susanville attempted to "force [Plaintiff] out of [his] home" in violation of the Fair Housing Act. See id. at 6. Plaintiff alleges that Defendant City of Susanville contaminated his drinking water by putting "solvents" in his sewer and drain lines and intentionally caused "property damage with uncontrolled water pressure." Id. at 5-6. Plaintiff further contends that, after filing complaints

1  "with local authorities," he was harassed with racial slurs. Id. at 6.

2  According to Plaintiff, when he attempted to file a complaint with the police
3  department regarding the chemicals "being pumped into [his] house by the Susanville Water and
4  Gas Department," he was told that he could not file a complaint because of a conflict of interest
5  with the city. Id. Similarly, Plaintiff states that he was not allowed to file a complaint with the
6  Lassen County Seriff's Department regarding "video evidence of someone waiting outside my
7  house yelling racial slurs." Id. Plaintiff alleges that this conduct violates "equal protection under
8  the law." Id.

9  Plaintiff further alleges that Defendant Susanville Sanitary District, in a "concerted
10 effort with the Susanville Water Department," violated his rights under the Fair Housing Act by
11 "trying to get [him] to sell [his] house." Id. Plaintiff states that Defendant Susanville Sanitary
12 District intentionally caused sewer lines to clog on properties adjacent to Plaintiff's. Id. Plaintiff
13 states that when his "sewer line would mysteriously clog, there would be someone waiting to
14 laugh or yell a racial slur." Id. Finally, Plaintiff states that he has been "without water since July
15 31, 2024" because of a broken water line on city property. Id. at 7. Plaintiff alleges that the city
16 "says [Plaintiff] has to pay" for the water line to be fixed. Id.

## II. DISCUSSION

19 In their motion to dismiss, Defendant Susanville Sanitary District raises two
20 arguments: first, Plaintiff fails to adequately plead Monell liability for all claims and second, all
21 the claims asserted in the complaint fail to meet the "plausible statement of facts required under
22 Ashcroft v. Iqbal." See ECF No. 5, pg. 3.

23 Similarly, Defendant City of Susanville argues that in both claims, Plaintiff failed
24 to adequately allege liability pursuant to Monell and "adequately allege facts giving rise to a
25 violation." ECF No. 6, pgs. 1-2.

26 ///
27 ///
28 ///

4

      A.      **Fourteenth Amendment Equal Protection Claims**

           1.      Monell Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff alleges that Defendants are liable under the Fourteenth Amendment for harm suffered from racially motivated harassment and the denial of complaints filed with local authorities. See ECF No. 1, pg. 6. Defendants argue that Plaintiff fails to allege any factual basis that Plaintiff was discriminated against based on membership of a protected class, or that Defendants had a policy or custom amounting to deliberate indifference as required for a Monell claim. See ECF No. 6, pg. 7. Specifically, Defendant Susanville Sanitary District argues that Plaintiff's claims arise from alleged racial slurs and laughing committed by unidentified persons "not alleged to be employees or officers of the Susanville Sanitary District, and their alleged conduct is not fairly attributed to the District nor can it be tied back to racial discriminatory motivation on the part of the District." ECF No. 5, pg. 7. Defendant City of Susanville states that "the only basis for Plaintiff's Equal Protection claim against the City is that the City's police department refused to take a complaint due to a conflict of interest." ECF No. 6, pg. 7.

Defendants are correct in asserting that municipal liability requires that the County's policy, custom, or practice is what gives rise to the alleged constitutional violations. Plaintiff's claims do not adequately assert that Plaintiff is a member of a protected group and that the harassment and denial of filing complaints are the result of a municipal policy

5

or custom let alone that the conduct causing the harassment and denial was committed by employees of the Defendants. Thus, the Court will recommend that Defendants' motions to dismiss under Monell be granted and that Plaintiff be directed to file an amended complaint to provide sufficient facts to show a county policy, custom, or practice that resulted in the alleged constitutional violations.

### 2. Compliance with Rule 8

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1972). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of individuals which included plaintiff, and that such conduct did not relate to a legitimate government purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208

6

F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). There is, however, no equal protection scrutiny under a "class of one" theory absent a pattern of generally exercising government authority in a particular manner while treating one individual differently and detrimentally. See Tower v. Brewer, 672 F.3d 650, 660-61 (9th Cir. 2012) (per curiam).

Here, Defendants argue that Plaintiff's claims fall below the standard required by Iqbal and Twombly. Defendant City of Susanville argues that "the complaint does not contain factual allegations showing that Plaintiff was treated differently from other similarly situated individuals because of racial prejudice or other illegal discrimination." ECF No. 6, pg. 7. Defendant Susanville Sanitary District states "Plaintiff does not allege membership of a protected racial class" nor "that he was denied service by the Susanville Sanitary District." ECF No. 5, pg. 6.

Defendants' arguments, which Plaintiff does not oppose, are well-taken. Most notably, Plaintiff does not allege Defendants treated Plaintiff differently from similarly situated residents on account of his membership in a protected class. In fact, Plaintiff has failed to establish the foundational premise that he is a member of a protected class. Furthermore, Plaintiff fails to allege facts showing that Defendants intentionally discriminated against Plaintiff because of his membership in a protected class. With regard to the Fourteenth Amendment claims, Plaintiff alleges that other governmental departments denied him the ability to file complaints and that, "sometimes when [his] sewer line would mysteriously clog, there be someone waiting to laugh and yell racial slurs" at him. ECF No. 1 pg. 6.

Based on these allegations, it is unclear whether, and how, the named Defendants were intentionally discriminating against Plaintiff for membership of a protected class. These allegations are vague and conclusory. Therefore, the Court will recommend that Defendants' motions to dismiss under Federal Rules of Civil Procedure 8(a)(2) be granted, and that Plaintiff be directed to file an amended complaint that includes sufficient facts to show conduct of intentional discrimination against plaintiff that does not relate to a legitimate

government purpose.

B. **Fair Housing Act Claims**

The Fair Housing Act (FHA) states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus, it is unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Specific unlawful practices that have the effect of making a dwelling otherwise unavailable includes discriminating "because of race 'in the provision of services or facilities" in connection with "the terms, conditions, or privileges of sale or rental of a dwelling." 42 U.S.C. § 3604(b). This extends to "[r]efusing to provide municipal services or property or hazard insurance for dwellings or providing such services or insurance differently because of race, color, religion, sex, handicap, familial status, or national origin." 24 CFR 100.70(d)(4); see also Ojo v. Farmers Grp., 600 F.3d 1205, 1208 (9th Cir. 2010) (holding that the FHA prohibits racial discrimination in both the denial and pricing of homeowner's insurance); see also Pac. Shores Props., Ltd. Liab. Co. v. City of Newport Beach, 730 F.3d 1142, 1157 (9th Cir. 2013) (holding that "a municipality violates [the FHA] if its zoning practices . . . discriminate against disabled individuals . . . [and] contribute to mak[ing] unavailable or deny[ing] housing to those persons").

A plaintiff bringing a claim under the FHA "has the burden of proving that a challenged practice caused or predictably will cause a discriminatory effect." 24 CFR §100.500(c)(1) (2014). As it relates to 42 U.S.C. § 3604(b), "[f]or a plaintiff to make out a prima facie case of disparate impact, he must demonstrate: (1) the existence of a policy, not a one-time decision, that is outwardly neutral; (2) a significant, adverse, and disproportionate effect on a protected class; and (3) robust causality that shows, beyond mere evidence of a statistical disparity, that the challenged policy, and not some other factor or policy, caused the disproportionate effect." Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist., 17 F.4th 950, 962 (9th Cir. 2021). Once a plaintiff has established a prima facie showing of disparate impact, the burden shifts to the defendant to "prov[e] that the challenged practice is

8

necessary to achieve one or more substantial, legitimate, nondiscriminatory interests." §100.500(c)(2).

Defendants argue that "Plaintiff's complaint contains no factual allegations to support a Fair Housing Act Claim for intentional discrimination." ECF No. 6, pg. 6. Specifically, Defendant Susanville Sanitary District argues that Plaintiff did not allege membership in a protect racial class nor that he was denied service by the Susanville Sanitary District. See ECF No. 5, pgs. 5-6. Instead, Defendant Susanville Sanitary District argues, Plaintiff only alleges that his neighbor's sewer lines were intentionally clogged. See id. Further, Defendant Susanville Sanitary District states that Plaintiffs claims of an unidentified person engaging in racial slurs and laughing "are not alleged to be employees or officers of the Susanville Sanitary District." Id. at 6. Defendant City of Susanville argues more broadly that, because "there is no allegation that Plaintiff purchased the property from the city, was a tenant of the City, or that the City financed the property, or denied Plaintiff any of those things based on Plaintiff's membership in a protected class," "the Fair Housing Act simply does not cover Plaintiff's claims." ECF No. 6, pg. 6.

This Court agrees with Defendants' argument that Plaintiff's FHA claims are deficient. Plaintiff fails to allege sufficient facts to allow the Court to reasonably infer that Defendants intentionally discriminated against him by subjecting him to differential treatment based on his race. Specifically, Plaintiff's allegations fail to show the causal link between an existing policy and a disproportionate effect on a protected class. Thus, Plaintiff has failed to establish a prima facie case of disparate-impact discrimination under the FHA. The Court will recommend that Plaintiff's Fair Housing Act claim be dismissed, and the Plaintiff be directed to file an amended complaint that includes sufficient facts to show disparate-impact discrimination as a result of policy or custom.

///
///
///
///

## III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. It is RECOMMENDED that Defendants' unopposed motion to dismiss, ECF No. 5 and 6, be GRANTED and that Plaintiff's complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE