UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE ALEXANDER HOWLETT,

Plaintiff,

v.

CITY OF SUSANVILLE, et al.,

Defendants.

No. 2:25-cv-00729-DAD-DMC

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTIONS TO DISMISS, DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND, AND DEEMING PLAINTIFF'S FIRST AMENDED COMPLAINT THE OPERATIVE COMPLAINT

(Doc. Nos. 5, 6, 10)

Plaintiff Wayne Alexander Howlett is proceeding *pro se* in this civil action which he initiated by filing his complaint in this court on March 3, 2025. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 18, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant Susanville Sanitary District's motion to dismiss (Doc. No. 5) be granted with leave to amend and that defendant City of Susanville's motion to dismiss (Doc. No. 6) also be granted with leave to amend. (Doc. No. 10.) Specifically, the magistrate judge found that plaintiff failed to state a cognizable Equal Protection claim against

1

defendants because:  (1) plaintiff failed to allege the existence of a policy or custom on the part of defendants that caused plaintiff's injuries as is required for *Monell* liability; (2) plaintiff failed to allege membership in a protected class; and (3) plaintiff failed to allege that the purported harassment he suffered was due to the actions of an employee of defendants.  (*Id.* at 5–6.)  The magistrate judge also found that plaintiff failed to state a cognizable claim for relief pursuant to the Fair Housing Act because plaintiff had failed to allege sufficient facts to raise the inference that defendants intentionally discriminated against him by subjecting him to differential treatment on the basis of his race.  (*Id.* at 9.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 10.)  To date, plaintiff has not filed any objections to the pending findings and recommendations and the time in which to do so has long since passed.  However, on September 29, 2025, plaintiff filed a first amended complaint prior to the issuance of this order.  (Doc. No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1.    The findings and recommendations issued on September 18, 2025 (Doc. No. 10) are ADOPTED in full;

2.    Defendant Susanville Sanitary District's motion to dismiss (Doc. No. 5) is GRANTED;

3.    Defendant City of Susanville's motion to dismiss (Doc. No. 6) is GRANTED;

4.    Plaintiff's original complaint is DISMISSED (Doc. No. 1) with leave to amend;

5.    Plaintiff's first amended complaint (Doc. No. 11) is now DEEMED the operative complaint in this action; and,

/////

/////

/////

2

6.      This action is referred back to the magistrate judge for further proceedings.[1]

IT IS SO ORDERED.

Dated:    **March 16, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] After plaintiff filed his first amended complaint, presumably in response to the September 18, 2025 findings and recommendations, both defendants filed motions to dismiss that first amended complaint. (Doc. Nos. 12, 13.)  The magistrate judge on October 15, 2025 issued a minute order staying briefing on that new round of motions to dismiss. (Doc. No. 14.)  Nonetheless, plaintiff filed opposition to both of the motions. (Doc. Nos. 15, 16.)  Presumably the magistrate judge can now set a schedule for the filing of reply briefs in connection with those motions.

3