IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE ALEXANDER HOWLETT,

Plaintiff,

v.

CITY OF SUSANVILLE, et al.,

Defendants.

No.  2:25-CV-0729-DAD-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil action.  Pending before the Court are Defendants' separate motions to dismiss Plaintiff's first amended complaint.  See ECF Nos. 12 and 13.  Plaintiff has filed opposition briefs.  See ECF Nos. 15, 16, and 19.  Defendants have filed replies.  See ECF Nos. 20 and 21.

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1

In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the Court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

///

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on March 3, 2025. See ECF No. 1. Defendants responded with separate motions to dismiss filed on June 20, 2025. See ECF Nos. 5 and 6. On September 18, 2025, the Court issued findings and recommendations that Defendants' motions be granted and that Plaintiff be provided an opportunity to file a first amended complaint. See ECF No. 10. Plaintiff prematurely filed his first amended complaint on September 29, 2025, while the findings and recommendations were pending before the District Judge. See ECF No. 11. Defendants filed the pending separate motions to dismiss the first amended complaint on October 14, 2025. See ECF Nos. 12 and 13. Plaintiff filed separate opposition briefs on October 27, 2025. See ECF Nos. 15 and 16. On March 17, 2026, the District Judge adopted the September 18, 2025, findings and recommendations and deemed the September 29, 2025, first amended complaint to be the operative pleading. See ECF No. 17. On April 1, 2026, Plaintiff filed a single brief in opposition to both pending motions to dismiss. See ECF No. 19. Defendants filed their replies on April 13, 2026. See ECF Nos. 20 and 21.

### B. Plaintiff's Allegations

Plaintiff names the following as defendants: (1) City of Susanville; and (2) Susanville Sanitary District. See ECF No. 11, pg. 1. Plaintiff, who is African-American, states that he has suffered water- and sewer-related problems at his address in Susanville since 2023. See id. at 2. Plaintiff repeatedly reported the issues to Defendants and filed a "Water/Environmental complaint" in mid-2024. Id. According to Plaintiff, the main water line broke on July 31, 2024, resulting in insufficient water service to Plaintiff's home. See id. Plaintiff states that, despite the break occurring on city property, the city informed him that he

3

would be responsible for repairs.  See id.  Plaintiff claims Defendants' employees minimized, ignored, and denied his complaints.  See id.  Finally, Plaintiff asserts that he was treated differently than other water users in Susanville due to discrimination.  See id. at 3.

Plaintiff raises two claims for relief pursuant to 42 U.S.C. § 1983:

Count I          Disparate Treatment in Violation of the Fair Housing Act.

Count II         Denial of Equal Protection in Violation of the Fourteenth Amendment.

ECF No. 11, pgs. 3-4.

## II.  DISCUSSION

In their separate motions to dismiss, Defendants argue that Plaintiff has failed to allege facts sufficient to establish discrimination claims under either the Fair Housing Act or Fourteenth Amendment.  See ECF Nos. 12 and 13.  Defendants also argue that Plaintiff fails to allege facts sufficient to establish municipal liability.  See id.

### A.    Plaintiff's Substantive Claims

#### 1.    Fair Housing Act

The Fair Housing Act (FHA) states that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States." 42 U.S.C. § 3601. Thus, it is unlawful to "refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). Specific unlawful practices that have the effect of making a dwelling otherwise unavailable includes discriminating "because of race 'in the provision of services or facilities" in connection with "the terms, conditions, or privileges of sale or rental of a dwelling." 42 U.S.C. § 3604(b). This extends to "[r]efusing to provide municipal services or property or hazard insurance for dwellings or providing such services or insurance differently because of race, color, religion, sex, handicap, familial status, or national origin." 24 CFR 100.70(d)(4); see also Ojo v. Farmers Grp., 600 F.3d 1205, 1208 (9th Cir. 2010) (holding that the FHA prohibits racial discrimination in both the denial and pricing of homeowner's

4

insurance); see also Pac. Shores Props., Ltd. Liab. Co. v. City of Newport Beach, 730 F.3d 1142, 1157 (9th Cir. 2013) (holding that "a municipality violates [the FHA] if its zoning practices . . . discriminate against disabled individuals . . . [and] contribute to mak[ing] unavailable or deny[ing] housing to those persons").

A plaintiff bringing a claim under the FHA "has the burden of proving that a challenged practice caused or predictably will cause a discriminatory effect." 24 CFR §100.500(c)(1) (2014). As it relates to 42 U.S.C. § 3604(b), "[f]or a plaintiff to make out a prima facie case of disparate impact, he must demonstrate: (1) the existence of a policy, not a one-time decision, that is outwardly neutral; (2) a significant, adverse, and disproportionate effect on a protected class; and (3) robust causality that shows, beyond mere evidence of a statistical disparity, that the challenged policy, and not some other factor or policy, caused the disproportionate effect." Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist., 17 F.4th 950, 962 (9th Cir. 2021).  Once a plaintiff has established a prima facie showing of disparate impact, the burden shifts to the defendant to "prov[e] that the challenged practice is necessary to achieve one or more substantial, legitimate, nondiscriminatory interests." §100.500(c)(2).

Plaintiff's claim as alleged in the first amended complaint suffers the same defect as the original complaint.  In addressing the original complaint, the Court previously stated:

> This Court agrees with Defendants' argument that Plaintiff's FHA claims are deficient. Plaintiff fails to allege sufficient facts to allow the Court to reasonably infer that Defendants intentionally discriminated against him by subjecting him to differential treatment based on his race. Specifically, Plaintiff's allegations fail to show the causal link between an existing policy and a disproportionate effect on a protected class. Thus, Plaintiff has failed to establish a prima facie case of disparate-impact discrimination under the FHA. The Court will recommend that Plaintiff's Fair Housing Act claim be dismissed, and the Plaintiff be directed to file an amended complaint that includes sufficient facts to show disparate-impact discrimination as a result of policy or custom.

ECF No. 10, pg. 9.

Plaintiff's first amended complaint does nothing to address the Court's concerns or otherwise plausibly plead a Fair Housing Act claim.

/ / /

5

2.     Equal Protection

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1, 93 S. Ct. 1278, 36 L. Ed. 2d 16 (1972). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against the plaintiff, or against a class of individuals which included plaintiff, and that such conduct did not relate to a legitimate government purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). There is, however, no equal protection scrutiny under a "class of one" theory absent a pattern of generally exercising government authority in a particular manner while treating one individual differently and detrimentally. See Tower v. Brewer, 672 F.3d 650, 660-61 (9th Cir. 2012) (per curiam).

As with Plaintiff's FHA claim, Plaintiff's first amended complaint does not move closer to establishing an Equal Protection claim.  In addressing this claim previously, the Court stated:

> Defendants' arguments, which Plaintiff does not oppose, are well-taken. Most notably, Plaintiff does not allege Defendants treated Plaintiff differently from similarly situated residents on account of his membership in a protected class. In fact, Plaintiff has failed to establish the foundational premise that he is a member of a protected class. Furthermore, Plaintiff fails to allege facts showing that Defendants intentionally discriminated against Plaintiff because of his membership in a protected

6

class. With regard to the Fourteenth Amendment claims, Plaintiff alleges that other governmental departments denied him the ability to file complaints and that, "sometimes when [his] sewer line would mysteriously clog, there be someone waiting to laugh and yell racial slurs" at him. ECF No. 1 pg. 6.

Based on these allegations, it is unclear whether, and how, the named Defendants were intentionally discriminating against Plaintiff for membership of a protected class. These allegations are vague and conclusory.

ECF No. 10, pgs. 7-8.

The first amended complaint, again, does not add any detail to address the Court's concerns or further clarify whether and how Defendants discriminated against Plaintiff.

### B.   Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Here, even if the first amended complaint was sufficient to establish either of Plaintiff's substantive claims, Plaintiff has not alleged any facts to establish that either of the municipal defendants is liable. Specifically, Plaintiff has not alleged the existence of a policy or custom of either the City of Susanville or the Susanville Sanitary District which caused a violation of Plaintiff's rights under the FHA or Equal Protection Clause.

/ / /

/ / /

/ / /

/ / /

7

### III.  CONCLUSION

At the hearing on the pending motions to dismiss, Plaintiff recited certain facts which are not currently alleged in the first amended complaint but, which if alleged in a further amendment, may cure the defects identified above.  The Court will, therefor, recommend that Plaintiff be provided one final opportunity to amend his complaint.

Based on the foregoing, the undersigned recommends as follows:

1.    Defendants' motions to dismiss, ECF Nos. 12 and 13, be granted.

2.    Plaintiff's first amended complaint be dismissed with leave to amend.

3.    Plaintiff be directed to file a second amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 30, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE