**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WAYNE ALEXANDER HOWLETT,<br>Plaintiff,<br>v.<br>CITY OF SUSANVILLE, et al.,<br>Defendants. | No. 2:25-cv-0729-DAD-ICD<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding *pro se*, brings this civil action. Pending before the Court is Defendants' motion for involuntary dismissal for failure to comply with the District Judge's September 4, 2026, order. ECF No. 27. No response has been filed.

On July 10, 2026, a magistrate judge issued findings and recommendations that Plaintiff's first amended complaint be dismissed with leave to amend. ECF No. 24. The findings and recommendations were adopted in full by the District Judge by order issued on September 4, 2026. ECF No. 25. In that order, the District Judge directed Plaintiff to "file a second amended complaint or notice that he does not intend to do so, within thirty (30) days of the date of this order." *Id.* at 2. The District Judge explicitly warned Plaintiff that failure to comply with the order would result in dismissal of this action. *See id.* To date, more than 30 days have passed since issuance of the September 4, 2026, order, and Plaintiff has not complied.

The Court must weigh five factors before imposing the harsh sanction of involuntary dismissal. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See id.*; *see also Ghazali v. Moran*, 46 F.3d 52,

53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. *See Malone*, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Here, having considered the factors outlined above, and in light of Plaintiff's failure to comply with the Court's September 4, 2026, order or file an opposition to Defendants' motion for involuntary dismissal, the Court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends as follows:

1. Defendants' motion for involuntary dismissal, ECF No. 27, be GRANTED.
2. This action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE